**XIAO–YING XU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided June 17, 2004.

Robert J. Dupont, Esq., Kelly S. O'Reilly, Reeves & Associates, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq.,

Margaret Taylor, Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Xiao–Ying Xu, a native and citizen of the People's Republic of China, petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the denial of her application for asylum and withholding of deportation. As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

### I

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS,* 79 F.3d 912, 914 (9th Cir.1996).

Here, the IJ's decision was supported by substantial evidence and his adverse credibility determination was based on two reasons that are specific and cogent, and go the heart of Xu's claim for asylum. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). We do not consider (or embrace) other reasons, but believe that a reasonable factfinder could find Xu's account of her second abortion

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and decision to leave China implausible. Xu testified that she hid from the authorities after becoming pregnant a third time during her rest leave, yet returned to work where her pregnancy would inevitably be discovered and where she voluntarily went for an exam. According to the 1998 Department of State Country Profile, certificates of the sort Xu submitted are provided to enable employees who voluntarily abort to obtain a paid leave of absence. Also, Xu claimed that she left China because she and her husband wanted to have a son, but she did not learn that her tubal ligation procedure was potentially reversible until after she arrived in the United States. In these circumstances a reasonable factfinder would not be compelled to find that Xu's abortions and sterilization were involuntary, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), nor that she is a "refugee" for purposes of section 601(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104–208, 110 Stat. 3009 (1996).

## II

Xu's claim that the BIA's affirmance without opinion of the IJ's decision violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

## III

■ Xu suggests in reply that the IJ denied her a fair and unbiased proceeding because of the manner and degree of his questioning. We decline to consider the issue as it was neither exhausted nor preserved in the opening brief.[1]

1. We have reviewed the transcript in the course of addressing the issues that are properly raised. While we do not doubt the overall adequacy of the hearing that Xu was afforded, we do note that the IJ did intervene

## IV

The 30–day period for Xu voluntarily to depart the United States will begin to run upon the issuance of our mandate. Xu's motion to stay her voluntary departure period is denied as moot. *Elian v. Ashcroft*, 370 F.3d 897, 900–01 (9th Cir.2004).

PETITION DENIED.

extensively and upon occasion manifested frustration with the witness's response. Immigration judges would be well-advised to be sensitive to how questioning on their part can be perceived by those appearing before them.